FILED

July 21, 2011

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003646868

**5**

1  MICHAEL P. DACQUISTO
   **Chapter 7 Trustee**
2  **PO Box 992631**
   **Redding, California 96099-2631**
3
   **Telephone:  (530) 244-6267**
4  **Fax:          (530) 244-0907**
   **Email:       mdacquisto@charter.net**
5

6

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11 **In re:**                    **NO.**      **09-47752-A-7**

12 **JIMMY ALLEN VERT, HEIDI**   **DCN:**     **MPD-2**
   **ANNE VERT**
13                               **Date:      August 19, 2011**
14 _____**Debtors**_____/ **Time:      10:00 a.m.**
                                 **Place:     Courtroom 28, Dept A**
15                                           **501 I Street, 7th Floor**
                                             **Sacramento, CA 95814**
16

17   **MOTION FOR AUTHORIZATION TO SELL THE DEBTORS' INTEREST IN REAL**

18   **PROPERTY DESCRIBED AS A SINGLE FAMILY HOME AT 303 SPRUCE DRIVE,**

19                          **BROOKINGS, OR 97415**

20        Michael P. Dacquisto ("Dacquisto") the chapter 7 trustee in this case submits this

21 motion for an order authorizing sale of the debtors' interest in real property described as

22 a single family home at 303 Spruce Drive, Brookings, OR 97415 ("Property") for

23 $34,066.00.

24        **1. <u>STATEMENT OF FACTS</u>**

25        These proceedings were instituted when the debtors Jimmy Allen Vert and Heidi

26 Anne Vert filed their petition under the United States Bankruptcy Code on December 18,

27 2009. Dacquisto was appointed the chapter 7 trustee.

28        One asset of this bankruptcy estate is the Property. Dacquisto wants to sell the

Property to generate funds for the bankruptcy estate and requests authorization to proceed with this proposed sale as outlined below.

### 1. Offer Summary

Dacquisto has accepted an offer from Robert E. Nagel ("Buyer") subject to bankruptcy court approval and potential overbids to buy the Property for $34,066.00. The co debtor in this case, Heidi Anne Vert, presently owns 50% of the Property. The Buyer, who is her brother, owns the remaining 50%. In today's market the Property is worth approximately $75,000.00 to $80,000.00. It has been listed for sale since February 2011 and has only generated one offer, for $75,000.00. The Buyer is purchasing the Property as is, where is, and subject to all existing liens and encumbrances. There are no known encumbrances, other than unpaid real estate taxes of approximately $1,500.00. There is no commission being paid from this sale. A true and correct copy of the Real Property Purchase Agreement ("Agreement") between Dacquisto and the Buyer is filed herewith as Exhibit A.

### 2. Bidding Requirements

Dacquisto proposes the following terms for qualification to bid and for bidding. First, Dacquisto requires all bidders to deposit $34,066.00 with him, in the form of cashier's check, wire transfer, or any other form acceptable to Dacquisto in his sole discretion no later than twenty four (24) hours before the scheduled hearing on August 19, 2011 (hereafter "Deposit Due Date"). If the Deposit Due Date falls on a weekend or a court holiday the deposit must be made no later than 5:00 p.m. on the Friday preceding the Deposit Due Date or no later than 5:00 p.m. on the day preceding the court holiday. The Buyer has already deposited $34,066.00 with Dacquisto.

Second, all bidders must provide Dacquisto with proof of ability to close the sale, by way of cash, irrevocable letter of credit or in any other form acceptable to Dacquisto in his sole discretion no later than the Deposit Due Date set forth in the preceding paragraph. Dacquisto reserves the right to extend the Deposit Due Date deadlines in his sole discretion.

Third, Dacquisto proposes overbidding be allowed in a minimum increments of $1,000.00 or in any other amount the court deems appropriate. If accepted by the court, this would make any opening bid no less than $35,066.00.

Fourth, Dacquisto proposes that if a prospective purchaser deposits funds with him prior to the hearing and is not the highest bidder, those funds will be returned to the prospective purchaser no later than forty eight (48) hours after the sale is concluded in this court. The funds deposited with Dacquisto from the highest bidder will be credited towards the purchase price. If the highest bidder fails to close the sale under the terms of the Agreement $5,000.00 will be retained by Dacquisto, without further order from this court, as liquidated damages.

### 3. Projected Distribution of Sale Proceeds

From the sales price there are no deductions being made. The listing broker has agreed to waive any commission claim. There are no deeds of trust recorded against the Property. The Buyer is taking the Property subject to all existing liens and encumbrances. This leaves an estimated recovery for the bankruptcy estate of $34,066.00.

Dacquisto believes this price is at or near the present maximum obtainable sale price for the Property. Failure to sell at this price and time may result in detriment to the bankruptcy estate, rather than gain. Delay may result in diminution in value of the Property and potentially increased holding costs.

The motion requests the sale proceeds be placed into the debtors' bankruptcy estate and be used to pay administrative expenses, legal fees and creditors pursuant to the normal statutory scheme.

### 2. MEMORANDUM OF POINTS AND AUTHORITIES

**THIS COURT HAS AUTHORITY TO AUTHORIZE THE SALE OF ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS UNDER 11 U.S.C.§363(b)(1).**

Title 11 U.S.C. §363(b)(1) provides:

"The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property

of the estate." (11 U.S.C. §363(b)(1))

This court's power to authorize the proposed sale under 11 U.S.C. § 363(b) is to be exercised in its discretion. *In re Lionel Corp.* 722 F.2d 1063, 1069 (2d Cir. 1983); *In re Coastal Cable T.V., Inc.* 24 B.R. 609, 611 (Bankr. 1st Cir. 1982), rev. on other grounds, 709 F.2d 762 (1st Cir. 1983); *In re Baldwin United Corp.* 43 B.R. 888, 905 (Bankr. S.D. (Ohio 1984); *In re Ancor Exploration Co.* 30 B.R. 803, 808 (Bankr. N.D. Okla. 1983).

In Lionel, *supra*, a standard was established against which to measure the court's judicial exercise of its discretionary powers to approve a sale of assets outside the ordinary course of business under 11 U.S.C. §363(b). The *Lionel* court held that for the court to exercise proper discretion, a good business reason must be shown. Further, the court stated the discretionary power was available to further the interests of the debtor, its creditors, and its equity security holders. *Id.* at 1071.

The *Lionel* decision was adopted by the Ninth Circuit Bankruptcy Appellate Panel in *Walter v. Sunwest Bank* (*In re Walter*), 83 B.R. 14 (Bankr. 9th Cir. 1988), which approved language that the trustee must demonstrate a good business reason for selling the property.

In this case Dacquisto has sound business reasons for selling the Property. He will be able to liquidate an asset and generate funds for payment of claims. The price being paid for the Property is fair and reasonable. Selling now prevents further delay, possible decrease in property value and potential additional costs associated with continued holding of the Property. Under these circumstances this court's approval of the proposed sale would be a proper exercise of its discretion.

**3. CONCLUSION**

For all the reasons set forth above Dacquisto respectfully requests this court provide the following relief.

A.    Enter an order authorizing Dacquisto to sell the Property to the Buyer or to the highest bidder if not the Buyer, under the terms and conditions set forth above and in the Agreement between Dacquisto and the Buyer filed herewith as Exhibit A.

1      B.    Enter an order approving the proposed bidding requirements and
2  procedures set forth in the notice filed herewith and set forth above.

3      C.    Enter an order authorizing Dacquisto to sign all documents necessary or
4  convenient to complete the sale.

5      D.    Enter an order that no further motion or order of the court be required with
6  regard to completing the sale.

7      E.    Enter an order authorizing any further relief the court deems appropriate.

8  Date:  July 21, 2011

10  /s/ Michael P. Dacquisto
    MICHAEL P. DACQUISTO, Chapter 7 Trustee